Dorsett vs. Frith.

No. 53.—James Dorsett, adm'r of William D. Siler, deceased, plaintiff in error, vs. Thomas D. Frith, defendant in error.

A. intermarried with B., a widow with several minor children. By the consent and counsel of the brothers of his wife, A. received at the same time a negro girl, with the understanding that the debts of the former husband were to be paid and the children raised and supported. C., one of the brothers, many years thereafter, administered on the estate of the former husband of B., and brought trover against A. for the negro and her increase.

*Held,* that the administrator was bound to account with A. for the expense of raising the negroes and children; that A. was entitled to retain in his hands his distributive share, in right of his wife, of the estate, and that the Court of the county of his residence had jurisdiction of the case, especially if the co-distributees who likewise lived there were made co-defendants to the bill.

In Equity, in Randolph Superior Court. Tried before Judge ALLEN, December, 1856.

This was a bill filed by Thomas D. Frith against James Dorsett, administrator of William D. Siler, for injunction account, &c.

The bill alleges that William D. Siler, of Jasper county, died about twenty years ago, intestate, and leaving as his heirs at law, his widow Maria Siler and three sons, Lorenzo, about nine years old, Eldrige, about seven years old, and William, about five years old. That afterwards, about the 11th November, 1838, complainant intermarried with his widow, the said Maria.

That upon his marriage he found in possession of his wife a negro girl named Fereby, about twelve years old, and worth about five hundred dollars. Also a note for about sixty dollars, and furniture and other property worth about two hundred dollars; amounting in all to about the value of $760. That at the time said property came into complainant's possession by his marriage with the said Maria, he did not know, nor does he now know, of his own knowledge, what part, if any, of said property, belonged to the estate of said William D. Siler, deceased. That said Maria had no other property and none other has ever come into complainant's hands from his said wife or from the estate of said Siler. That about two years after his marriage, his wife informed him, that upon the death of her husband, her two brothers, James Dorsett the defendant, and John Dorsett, advised her that it was not necessary to go to the expense of an administration on her husband's estate; that they had assets in their hands sufficient to pay all the debts, and for her to take the negro girl Fereby and try to raise the children. That said negro remained in complainant's possession till 1843, and that during that time he would not have fed and clothed her for her work. That in 1843, with the advice and consent of his wife, he sold said girl with her only child, Ben, to Chris-

topher C. Brooks, for five hundred dollars, which complainant believes a full price for them at that time.    That from the time of his marriage with the widow, he treated and educated the children as he did his own, except William, who was sickly and unable to attend school; and from about a year after his marriage up to 1850, said William was greatly afflicted with fits and dropsy, and was a constant expense and trouble, and his work worth nothing.    That if left to his own choice, he would not have clothed, nursed, boarded and paid the Doctor's bills of the said William, for all the property that came into his hands by his marriage.    That it was worth sixty dollars per annum for eleven years.    That in 1853 he paid for his board and tuition for four and a half months, forty eight dollars and forty cents.    That up to 1849, when Lorenzo became of age, his services were worth his boarding, clothing, schooling and other expenses.    That since that time he has paid for Lorenzo the sum of $205.32.    That about 185– said Lorenzo departed this life, leaving no property except a horse worth $75, which was sold and applied to payment of his debts, and about $92 in the hands of complainant.    That the worth and services of Eldrige till he became of age was worth his board, schooling and clothing, and the value of a horse worth one hundred dollars, advanced to him by complainant.

That notwithstanding the great length of time since the death of said William D. Siler, and no debts due to or from his estate, the said James Dorsett, of Jasper county, has recently taken out letters of administration on his estate in that county, and has instituted his action of trover against complainant to recover the value of said girl Fereby and her four children, viz: Ben, Antoinette, Alexander and Crawford.

The bill prays for an account, and that said action by the administrator be enjoined.

There was an amendment to the bill charging defendant, and his brother Thomas Dorsett, with taking possession of the

property and estate of said William D. Siler, after his death, and praying for an account of this property.

To this bill there was a demurrer for want of equity, and because said bill should have been filed in Jasper, the county of defendant's residence; upon argument the Court below overruled the demurrer and continued the injunction.

To which ruling and decision the defendant Dorsett, by his counsel, excepted and assigns error.

DOUGLASS & DOUGLASS, for plaintiff in error.

HOOD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A motion was made to dismiss this bill for want of equity, and also of jurisdiction, which was overruled.

. Is there equity in the bill? Is it just and right to permit this property to be wrested from Frith at this late day, without accounting with him for the expense of raising it, and of supporting and educating his step-children? Is it expedient or proper to take it all out off his hands, being himself a distributee of the estate, just for Dorsett the administrator to return to him back his share less the commissions for the double operation of receiving and paying it out? Thus deducting five per cent grist at every turn of the mill. We think not.

On the contrary, we hold as we have done under like circumstances before, that the bill makes a clear case for the interposition of a Court of Equity.

. And as to jurisdiction, how stands the matter? True, Dorsett, the plaintiff in error, lives in Jasper, but the defendant and the property, and the young Silers, the co-distributees, for whose benefit this proceeding is instituted, are all in Randolph. This is an attempt to recover the property there. If the defendant has any plea, legal or equitable to set up against the recovery in trover, Randolph county is the proper place to make and try it, as a majority of this Court hold

under the bill as it now stands.    Let the bill be amended so as to make the young Silers co-defendants and the Court is unanimous that there will be both equity in the bill, and jurisdiction in Randolph to hear and determine it.

Judgment affirmed with directions.